# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 12, 2020 Session

## DAVID MANOR v. BRETT WOODROOF

**Appeal from the Circuit Court for Davidson County**
**No. 18X869        Phillip R. Robinson, Judge**

_____

### No. M2020-00585-COA-R3-CV

_____

Following a dispute that spanned several years, the parties, David Manor and Brett Woodroof, filed countervailing petitions for orders of protection in the Metropolitan General Sessions Court for Nashville and Davidson County ("general sessions court"). After separate hearings, the general sessions court granted each petitioner an order of protection. In turn, each party appealed the order of protection entered against him to the Davidson County Circuit Court ("trial court"). Following a hearing with a special master presiding, the trial court entered orders continuing the cases. During a subsequent hearing, the special master announced from the bench that both petitions were being dismissed and that each party would be responsible for his respective attorney's fees. The trial court entered separate written orders dismissing each petition. Mr. Manor subsequently filed an objection to the dismissal of his petition, averring that the trial court had made an oral finding that Mr. Woodroof had stalked Mr. Manor, which, according to Mr. Manor, led to the continuation of his order of protection against Mr. Woodroof. Mr. Manor argued that the court's action constituted an "extension" of the order of protection, pursuant to Tennessee Code Annotated § 36-3-617 (2017), thereby entitling him to an award of attorney's fees. Thereafter, the trial court confirmed the findings of the special master and declined to award attorney's fees. Upon its consideration of several motions, the trial court conducted a hearing and remanded the matter to the special master for "a finding and Order" concerning the issue of attorney's fees. Upon remand, the special master denied an award of attorney's fees to Mr. Manor, and the trial court subsequently confirmed the order. Mr. Manor timely appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Robert A. Anderson, Nashville, Tennessee, for the appellant, David Manor.

D. Scott Parsley and Joshua Strickland, Nashville, Tennessee, for the appellee, Brett Woodroof.

**OPINION**

I. Factual and Procedural Background

This action commenced in September 2018 when David Manor and Brett Woodroof each filed a petition requesting an order of protection against the other in general sessions court. Following separate hearings, that court entered respective orders on September 27, 2018, granting both parties' petitions. Relevant to this appeal, Mr. Manor's order of protection against Mr. Woodroof was set to expire one year from the date of issuance, specifically September 27, 2019.

The parties timely appealed to the trial court. Mr. Manor's petition against Mr. Woodroof was scheduled to be heard first, with Special Master Dana Ballinger presiding over both actions. Following two ensuing orders of continuance, each case was set for a hearing on December 4, 2018. During the hearing, the special master announced that both cases would be continued until a subsequent hearing could be held. Following the second hearing, the trial court entered written orders setting both orders of protection for hearing on February 5, 2019. Pertinent to this appeal, the trial court's order continuing Mr. Manor's case for hearing stated in relevant part:

> It appears to the Court that this matter should be reset after a hearing was held.
>
> It is, therefore, **ORDERED**, **ADJUDGED**, **AND DECREED** that this matter is hereby continued until February 5, 2019 at 9:00 a.m., Courtroom 510, Metro Courthouse, 1 Public Square, Nashville, TN 37201.
>
> It is further **ORDERED, ADJUDGED, AND DECREED** that the Final Order of Protection shall remain in effect until the further orders of the court.

On December 17, 2018, Mr. Manor filed a motion requesting an award of attorney's fees, asserting that Tennessee Code Annotated § 36-3-617(a) mandated an award because he had successfully litigated a petition for an order of protection against Mr. Woodroof. On December 20, 2018, Mr. Woodroof filed a response in opposition, which also included a request for attorney's fees. Mr. Manor subsequently filed a reply to Mr. Woodroof's response, averring, *inter alia*, that Mr. Woodroof's petition against him had been dismissed by the trial court via oral ruling from the bench during the December 4, 2018 hearing and that Mr. Woodroof therefore had no basis for an award of attorney's fees.

During the February 5, 2019 hearing, the special master articulated that both petitions for orders of protection were being dismissed. Concerning the issue of attorney's fees, the trial court announced:

> Today's order will be a final order, and I am going to dismiss both cases today. As such, Mr. Anderson [counsel for Mr. Manor], an order of protection has not been issued, and thus attorneys fees are [not] mandated by the statute. It's when a party prevails in a case, and when both are dismissed then neither party is really prevailing.
>
> * * *
>
> So today that is my decision, is that I am going to dismiss both cases, and that each party is going to be responsible for his own attorney fees.

Following the hearing, the trial court entered separate orders dismissing both petitions for orders of protection. Concerning the dismissal of Mr. Manor's petition, the trial court's order stated:

> This cause came to be heard by appeal by this Court on 2.5.19 before the Honorable Dana Ballinger, Special Master of the Third Circuit [] Court of Davidson County, Tennessee.
>
> It appearing to the court that this Petition for Order of Protection is hereby dismissed . . . [a]s a result of testimony and/or evidence presented at the prior hearing[s] on 12.4.18 and 2.5.19.
>
> It is, therefore, ORDERED, ADJUDGED and DECREED that the General Sessions Final Order in docket number **18OP2685** regarding this matter is no longer in effect and the Petition for Order of Protection is hereby dismissed and the appeal of the Order of Protection is also dismissed with prejudice.

On February 6, 2019, Mr. Woodroof filed a "Request for Re-Hearing." Mr. Manor subsequently filed a response in opposition. On February 8, 2019, Mr. Manor filed a "Written Objection to Order Entered by the Master on February 5, 2019," averring that the trial court had previously made findings that grounds for an order of protection existed when the trial court stated during the December 4, 2018 hearing that Mr. Woodroof had stalked Mr. Manor. As a result of this purported oral finding and the continuance of his action against Mr. Woodroof, which Mr. Manor characterized as an "extension" of the order of protection, Mr. Manor postulated that Tennessee Code Annotated § 36-3-617 mandated an award of attorney's fees. Mr. Manor concomitantly filed a motion for hearing

on his objection. Mr. Woodroof subsequently filed a response in opposition to Mr. Manor's objection, with Mr. Manor filing a reply.

On February 12, 2019, the trial court judge entered an order confirming the findings of the special master and declining to tax costs pursuant to Tennessee Code Annotated § 36-3-617. On March 25, 2019, the trial court entered an agreed order substituting attorney D. Scott Parsley as counsel for Mr. Woodroof. On the same day, Mr. Manor filed a motion requesting a Tennessee Rule of Appellate Procedure 9 interlocutory appeal.[1]

On April 9, 2019, Mr. Woodroof filed a motion, pursuant to Tennessee Rule of Civil Procedure 60.02, to correct the February 5, 2019 written order dismissing his petition by including the trial court's denial of attorney's fees. The special master subsequently entered agreed orders setting and then continuing a hearing on Mr. Woodroof's Rule 60.02 motion.

Following a hearing conducted on May 14, 2019, Mr. Manor filed a motion, pursuant to Tennessee Rule of Civil Procedure 59, requesting that the issue of attorney's fees be remanded to the special master for further consideration. Although the trial court judge initially entered an order on May 31, 2019, denying Mr. Manor's Rule 59 motion, an order was subsequently entered on June 4, 2019, remanding the issue of attorney's fees to the special master. According to the June 4, 2019 order, the trial court determined that inasmuch as the special master's ruling on attorney's fees "was not memorialized in an [o]rder," remand of the matter to the special master was appropriate for "a finding and order" concerning the issue. As reflected in an order of dismissal entered on August 7, 2019, Mr. Woodroof's petition for order of protection against Mr. Manor was eventually "non-suited and dismissed . . . with prejudice" at the request of Mr. Woodroof.

Following a hearing before the special master, the trial court entered an order on February 10, 2020, providing in relevant part: "The Court has previously ruled on Mr. Anderson's [Mr. Manor's counsel's] request for fees, which the Court respectfully denied. After review of the record and argument of counsel for both parties, it is **ORDERED, ADJUDGED, and DECREED** that Mr. Anderson's Request for Attorney's fees is denied." The trial court subsequently entered an order on February 18, 2020, confirming the special master's findings and recommendations. The order further stated that the trial court declined to award attorney's fees pursuant to Tennessee Code Annotated § 36-3-617(a).

On February 18, 2020, Mr. Manor filed an objection to the February 10, 2020 order of the special master, averring, *inter alia*, that the court had erroneously inverted the parties' names in the style of the case on the order. Mr. Manor concomitantly filed a motion

---

[1] We note that Mr. Manor's motion requesting a Tennessee Rule of Appellate Procedure 9 interlocutory appeal was "dismissed with prejudice" via the trial court's March 18, 2020 order.

for hearing on the objection. The trial court, with the special master presiding, entered an amended order on February 26, 2020, reflecting a corrected case caption. The trial court thereafter confirmed the special master's amended order on February 28, 2020, again denying attorney's fees pursuant to Tennessee Code Annotated § 36-3-617(a).

The trial court subsequently entered an "Order Denying the Petitioner's Objection to the Order of the Master and Confirming Case" on March 18, 2020, detailing the factual and procedural history of the case and concluding as follows:

> It is therefore **ORDERED, ADJUDGED, and DECREED** that [Mr. Manor's] objection to the Master's Order entered February 10, 2020 denying [Mr. Manor's] request for attorney's fees is overruled and denied and the Master's Order of February 10, 2020 denying attorney's fees is confirmed.
>
> It is further **ORDERED** that [Mr. Woodroof's] request for attorney's fees is denied pursuant to TCA § 36-3-617(a)(1).
>
> It is further **ORDERED** that any motion or petition in this cause that has not been previously adjudicated is hereby dismissed with prejudice.
>
> It is further **ORDERED** that the court costs for this Motion are waived pursuant to TCA § 36-3-617(a)(1).

Mr. Manor timely appealed.

## II. Issues Presented

Mr. Manor presents the following issues on appeal, which we have restated as follows:

1. Whether the trial court erred by declining to award mandatory attorney's fees to Mr. Manor, pursuant to Tennessee Code Annotated § 36-3-617(a)(1), following the trial court's order continuing the evidentiary hearing regarding Mr. Manor's order of protection.

2. Whether the trial court erred by declining to award discretionary attorney's fees to Mr. Manor, pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(A)-(B), following the dismissal of Mr. Woodroof's order of protection.

3. Whether the trial court erred by declining to award attorney's fees following an alleged "*de facto*" extension of Mr. Manor's order of protection.

## III. Standard of Review

Our review of orders of protection originating in general sessions court and appealed to circuit court is *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *see e.g.*, *Walker v. Pawlik*, No. M2013-00861-COA-R3-CV, 2013 WL 5781565, at *3 (Tenn. Ct. App. Oct. 23, 2013). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

Additionally, our Supreme Court has summarized the principles involved in statutory construction as follows:

> When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.,* 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga,* 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner,* 295 S.W.3d 610, 613-14 (Tenn. 2009).

Concerning a trial court's determination regarding attorney's fees pursuant to Tennessee Code Annotated § 36-3-617(a)(1), "this Court has previously noted the mandatory nature of" section 36-3-617(a)(1). *See Lewis v. Rader*, No. E2010-00724-COA-R3-CV, 2010 WL 3853285, at *2 (Tenn. Ct. App. Sep. 30, 2010) (citing *Jones v. Rusch-Jones*, No. E2006-01998-COA-R3-CV, 2007 WL 2067758, at *3 (Tenn. Ct. App. Jul. 19, 2007 (noting "the unequivocal and mandatory language of" Tennessee Code Annotated § 36-3-617(a)(1))). Regarding a trial court's decision to award attorney's fees and costs associated with defending an order of protection on appeal pursuant to Tennessee Code Annotated § 36-3-617(a)(2), this Court has previously noted the language of the statute providing the trial court discretion to award attorney's fees. *See* Tenn. Code Ann. § 36-3-617(a)(2) ("If the court does not issue or extend an order of protection, the court may assess all court costs, filing fees, litigation taxes and attorney fees against the petitioner . . .") (emphasis added); *see also Schnur v. Sherrell*, No. E2016-01338-COA-R3-CV, 2017 WL 2791711, at *4 (Tenn. Ct. App. Jun. 27, 2017) ("Section 36-3-617(a)(2) . . . provides that a petitioner may be required to pay the costs of an appeal when a protection order is dissolved . . . ."); *Walker*, 2013 WL 5781565, at *5 (noting that "this Court may grant an award of reasonable attorney's fees and costs incurred in defending the appeal of an issuance or extension of an order of protection.") (citing *Rodgers v. Rodgers,* No. E2011-02190-COA-R3-CV, 2012 WL 3900791, at *13 (Tenn. Ct. App. Sept. 10, 2012); *Wiser v. Wiser,* No. M2010-02222-COA-R3-CV, 2011 WL 4729870, at *4 (Tenn. Ct. App. Oct 7, 2011); *Land v. Casteel,* No. E2010-00593-COA-R3-CV, 2011 WL 808784, at *3 (Tenn. Ct. App. Mar. 8, 2011); *Brown v. Vaughn,* No. E2010-00373-COA-R3-CV, 2010 WL 3767123, at *8 (Tenn. Ct. App. Sept. 28, 2010)).

IV. Attorney's Fees Pursuant to
Tennessee Code Annotated § 36-3-617(a)(1)

Mr. Manor contends that the trial court extended his order of protection against Mr. Woodroof, pursuant to Tennessee Code Annotated § 36-3-617(a)(1), following certain oral findings and conclusions of law announced by the special master during the December 4, 2018 hearing. Mr. Manor argues that these oral findings, combined with the trial court's written order continuing the hearing on the order of protection and the court's scheduling of a subsequent hearing on February 5, 2019, constituted an extension of the order of protection within the meaning of Section 36-3-617(a)(1), thus entitling Mr. Manor to recoup, among other costs, mandatory attorney's fees for the cost of the litigation. Upon careful review, we disagree.

Orders of protection are statutorily governed by Tennessee Code Annotated § 36-3-601, *et seq.* (2017 & Supp. 2020). Specific to the case at bar, Tennessee Code Annotated § 36-3-617(a)(1) (2017) provides:

(a)(1) Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. <u>If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.</u>

(Emphasis added.) Notably, the term "extends" or any variant thereof is not statutorily defined within the applicable statutory scheme.

We note at the outset that Mr. Manor's petition for an order of protection was originally granted by the general sessions court on September 27, 2018. The general sessions court's order granting the petition stated that the order of protection was set to expire on September 27, 2019, one year from the date it was issued. *See* Tennessee Code Annotated § 36-3-608 (2017) ("[O]rders of protection shall be effective for a fixed period of time, not to exceed one (1) year."). Mr. Manor timely appealed the entry of the order of protection against him to the trial court, which conducted a *de novo* review. *See* Tenn. Code Ann. § 36-3-601(3)(F) ("Any appeal from a final ruling on an order of protection by a general sessions court . . . shall be to the circuit or chancery court of the county. Such appeal shall be filed within ten (10) days and shall be heard de novo. . . .").

The record reflects that the trial court had conducted an initial hearing on December 4, 2018, and entered a written order continuing the matter and resetting the evidentiary hearing until February 5, 2019. The order states in full:

> This cause came to be heard on 12.4.18 by Appeal from the General Sessions Court regarding the Petition for an Order of Protection. It appears to the Court that this matter should be reset after a hearing was held.
>
> It is, therefore, **ORDERED**, **ADJUDGED**, **AND DECREED** that this matter is hereby continued until February 5, 2019 at 9:00 a.m., Courtroom 510, Metro Courthouse, 1 Public Square, Nashville, TN 37201.
>
> It is further **ORDERED**, **ADJUDGED**, **AND DECREED** that the Final Order of Protection shall remain in effect until the further orders of the court.

Mr. Manor contends that by maintaining the order of protection in effect until the February 5, 2019 hearing, the special master extended the order of protection within the

meaning of Tennessee Code Annotated § 36-3-617(a)(1) such that the trial court erred by declining to award him mandatory attorney's fees. In support of his argument, Mr. Manor relies on *Honeycutt ex rel. Alexander H. v. Honeycutt*, No. M2015-00645-COA-R3-CV, 2016 WL 3662166 (Tenn. Ct. App. Jun. 30, 2016). In *Honeycutt*, a wife obtained an *ex parte* temporary order of protection against her husband from a judicial commissioner. *Honeycutt*, 2016 WL 3662166, at *1. Following a *de novo* hearing, the circuit court issued a written order expressly extending the order of protection for forty-five days and assessing costs and attorney's fees against the husband pursuant to Tennessee Code Annotated § 36-3-617(a)(1). *Id*. at *2. The husband appealed, and this Court affirmed the circuit court's decision, including the award to the wife of attorney's fees. *Id*. at *5.

Mr. Manor posits that in the case at bar, the special master's act of allowing the existing order of protection to remain in place pending a hearing is analogous to the circuit court's action in *Honeycutt*. We disagree and find *Honeycutt* to be factually distinguishable from the instant action. In *Honeycutt*, unlike the present case, the circuit court announced that it would "grant an order of protection, but only for a very short period of time," and by the terms of the order, the circuit court entered an order of protection to that effect. *Id*. at *1-2. In the instant case, the special master did not issue an order of protection, nor did she enter any written order setting forth an extension of an existing order of protection similar to the order issued by the circuit court in *Honeycutt*.

In its March 18, 2020 order, the trial court expressly stated that the order of protection "was not 'issued or extended'" by the special master's December 4, 2018 order. The trial court's action, in its December 4, 2018 order, decreeing that the general sessions court's order of protection would "remain in effect" until a *de novo* evidentiary hearing could be conducted concerning the appeal did not constitute an "extension" of the original order of protection under Tennessee Code Annotated § 36-3-617(a)(1). *Cf. Luker v. Luker*, 578 S.W.3d 450, 455 (Tenn. Ct. App. 2018) (reviewing in part on appeal a trial court's order that explicitly "extend[ed] the order of protection for a period of one (1) year from the date of final hearing").

Our review necessarily engages applicable principles of statutory construction. Mr. Manor does not assert in his brief that the term, "extends," is ambiguous, and our research has not revealed any cases or other authority construing the term "extends" contained in Tennessee Code Annotated § 36-3-617(a)(1) as ambiguous. In determining whether the statutory language within Tennessee Code Annotated § 36-3-617(a)(1) is ambiguous, we are guided by our Supreme Court's instruction in *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013), wherein the High Court elucidated:

> A court's primary aim "is to carry out legislative intent without broadening
> or restricting the statute beyond its intended scope." *Lind* [*v. Beaman Dodge,*
> *Inc.*,] 356 S.W.3d [889, 895 (Tenn. 2011)]. Courts presume that every word
> in a statute has meaning and purpose and that these words "should be given

full effect if the obvious intention of the General Assembly is not violated by so doing." *Id.* Words "must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills* [*v. Fulmarque, Inc.*], 360 S.W.3d [362, 366 (Tenn. 2012)]. When the meaning of a statute is clear, "[courts] apply the plain meaning without complicating the task" and enforce the statute as written. *Lind,* 356 S.W.3d at 895. At the same time, courts "must be circumspect about adding words to a statute that the General Assembly did not place there." *Coleman v. State,* 341 S.W.3d 221, 241 (Tenn. 2011).

We are also cognizant that "statutes 'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute." *Graham v. Caples,* 325 S.W.3d 578, 582 (Tenn. 2010) (quoting *Wilson v. Johnson Cnty.,* 879 S.W.2d 807, 809 (Tenn. 1994)). Courts must adopt the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Carver v. Citizen Utils. Co.,* 954 S.W.2d 34, 35 (Tenn. 1997).

Applying these tools of statutory construction to the language contained within Tennessee Code Annotated § 36-3-617(a)(1), we conclude that the language is clear and, affording the words their natural and ordinary meaning, we discern no ambiguity exists. Section 617(a)(1) instructs that in order to recover an award of attorney's fees, a court must "issue[] or extend[]" an order of protection. Within this statutory scheme, Tennessee Code Annotated § 36-3-605 (2017) establishes two procedures, subsections (b) and (d), by which a court may extend the duration of an existing order of protection. Section 605(b) addresses the following circumstances, providing in full:

> (b)     Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order that has been issued, or shall, if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period. Any ex parte order of protection shall be in effect until the time of the hearing, and, if the hearing is held within fifteen (15) days of service of such order, the ex parte order shall continue in effect until the entry of any subsequent order of protection

issued pursuant to § 36-3-609. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, the court may, at that time, issue an order of protection for a definite period of time, not to exceed one (1) year.

Concerning subsection (b), we emphasize that in the instant action an extension in the duration of the order of protection was unnecessary considering that the trial court's December 4, 2018 order continuing the matter and resetting the hearing was well within the order of protection's one-year operative period. Stated differently, because the order of protection entered by the general sessions court was set to expire on September 27, 2019, an extension thereof was unnecessary given that the December 4, 2018 continuance was granted and evidentiary hearing was scheduled for a date more than nine months prior to the expiration of the existing order of protection.

Section 605(d) applies to petitions claiming a violation of an order of protection and states in full:

> (d)    Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, <u>and is found to be in violation of the order</u>, the court may extend the order of protection up to five (5) years. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in a second or subsequent violation of the order, the court may extend the order of protection up to ten (10) years. No new petition is required to be filed in order for a court to modify an order or extend an order pursuant to this subsection (d).

(Emphasis added.)

Based on subsection (d), it is evident that when a person is found to be in violation of an existing order of protection, the order of protection may be extended by the court, either upon motion of the petitioner or upon the court's own motion, neither of which occurred in this case. *See e.g.*, *Wadhwani v. White*, No. M2005-02655-COA-R3-CV, 2007 WL 27329, at *3-4 (Tenn. Ct. App. Jan. 3, 2007) (affirming the trial court's decision, upon a party's motion, to extend the existing order of protection for one year). Mr. Manor does not assert, nor does the record demonstrate, a violation of the existing order of protection. By the terms of the trial court's December 4, 2018 written order, we conclude that it did not "extend" the existing order of protection, pursuant to Tennessee Code Annotated § 36-

- 11 -

3-617(a)(1). Rather, the court procedurally continued the case by resetting the evidentiary hearing on the order of protection.

Upon careful review, we also determine that the special master's oral statements during the December 4, 2018 or February 5, 2019 hearings did not effect an extension of the order of protection within the meaning of Tennessee Code Annotated § 36-3-617(a)(1). It is well-settled that a trial court speaks through its written orders and not through the transcript, and this Court reviews only the trial court's written orders. *See Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015); *Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011); *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). We accordingly decline to consider the special master's oral statements contained in the transcripts as constituting the trial court's findings of fact.[2] Instead, we review the trial court's written orders.

The trial court's December 4, 2018 written order, titled "Order of Continuance of Appeal," provided in pertinent portions that the "matter is hereby continued until February 5, 2019 at 9:00 a.m." and that "the Final Order of Protection shall remain in effect until the further orders of the court" (emphasis added). The order itself was devoid of any language granting an extension of the existing order of protection. Furthermore, the trial court's subsequent orders, including the February 28, 2020 order confirming the special master's finding as to attorney's fees and the March 18, 2020 order denying Mr. Manor's objection, lacked any language signifying that the duration of the order of protection was extended. The court's March 18, 2020 order expressly stated that the order of protection "was not 'issued or extended'" by the special master's December 4, 2018 order. We therefore conclude that the trial court granted a continuance of the proceedings for purposes of resetting an evidentiary hearing for a later date. The order did not extend the duration of the existing order of protection. Ergo, the order of protection was not extended within the meaning of Tennessee Code Annotated § 36-3-617(a)(1). The trial court did not err by declining to award mandatory attorney's fees to Mr. Manor pursuant to the statute.

Mr. Manor additionally argues that the trial court's February 12, 2019 order confirming the special master's findings was invalid as premature because Mr. Manor had filed an objection to the court's February 5, 2019 dismissal that was still pending when the court rendered its order confirming the special master's findings. However, Mr. Manor has not raised this issue in his statement of the issues on appeal. It is well settled that "[w]e may consider an issue waived where it is argued in the brief but not designated as an issue." *See Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002); *see also* Tenn. R. App. P. 27(a)

---

[2] Mr. Manor claims that as a prerequisite to the special master's purported extension of the order of protection, the special master made an oral finding during the December 4, 2018, and February 5, 2019 hearings that Mr. Woodroof had stalked Mr. Manor. Inasmuch as these statements are not contained in the trial court's written orders, we decline to consider them as the court's findings of fact. *See Williams*, 465 S.W.3d at 119.

(requiring that an appellant present "[a] statement of the issues presented for review"). Accordingly, we conclude that Mr. Manor's argument in this regard is waived. We do note, however, that all of Mr. Manor's objections, including his February 8, 2019 objection to the February 5, 2019 order dismissing the order of protection, were fully adjudicated by the trial court through its February 28, 2020 and March 18, 2020 orders.

For the foregoing reasons, we conclude that because the trial court did not, at any point in the proceedings, extend the duration of the existing order of protection, the trial court did not err by declining to award Mr. Manor attorney's fees as provided by Tennessee Code Annotated § 36-3-617(a)(1).

## V. Attorney's Fees Pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(A)-(B)

Mr. Manor additionally argues that he was entitled to discretionary attorney's fees, pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(A)-(B), which states:

> (2) If the court does not issue or extend an order of protection, the court <u>may</u> assess all court costs, filing fees, litigation taxes and attorney fees against the petitioner if the court makes the following finding by clear and convincing evidence:
>
> (A) The petitioner is not a domestic abuse victim, stalking victim or sexual assault victim and that such determination is not based on the fact that the petitioner requested that the petition be dismissed, failed to attend the hearing or incorrectly filled out the petition; and
>
> (B) The petitioner knew that the allegation of domestic abuse, stalking, or sexual assault was false at the time the petition was filed.

(Emphasis added.) Because the trial court dismissed Mr. Woodroof's order of protection against Mr. Manor without a finding that Mr. Manor abused or stalked Mr. Woodroof despite Mr. Woodroof's allegations of stalking, Mr. Manor argues that the court erred by not awarding him attorney's fees incurred as a result of defending against the order of protection. Upon our thorough review of the record, we disagree.

We emphasize that the trial court's authority to award attorney's fees, pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(A)-(B), is discretionary. *See* Tenn. Code Ann. § 36-3-617(a)(2)(A)-(B) ("If the court does not issue or extend an order of protection, the court may assess all court costs, filing fees, litigation taxes and attorney fees against the petitioner"); *see also Schnur*, 2017 WL 2791711, at *4; *Walker*, 2013 WL 5781565, at *5. In order to award attorney's fees pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(A)-(B), a court must find clear and convincing evidence of both prong (A) and

- 13 -

prong (B). This Court has previously explained the clear and convincing evidence standard as follows:

> While it is more exacting than the preponderance of the evidence standard, *Santosky v. Kramer,* 455 U.S. [745,] 766, 102 S.Ct. [1388,] 1401 [(1982)]; *Rentenbach Eng'g Co. v. General Realty Ltd.,* 707 S.W.2d 524, 527 (Tenn. Ct. App. 1985), it does not require such certainty as the beyond a reasonable doubt standard. *Brandon v. Wright,* 838 S.W.2d 532, 536 (Tenn. Ct. App. 1992); *State v. Groves,* 735 S.W.2d 843, 846 (Tenn. Crim. App. 1987).

*O'Daniel v. Messier*, 905 S.W.2d 182, 188 (Tenn. Ct. App. 1995).

Although the trial court did not determine the existence of clear and convincing evidence of domestic abuse or stalking by Mr. Manor, the court likewise did not make any specific findings incorporated in a written order that "[t]he petitioner knew that the allegation of domestic abuse, stalking, or sexual assault was false at the time the petition was filed." *See* Tenn. Code Ann. § 36-3-617(a)(2)(B). Consequently, the record lacks clear and convincing evidence to support prong (B). Moreover, the trial court retains discretion, pursuant to the language of Tennessee Code Annotated § 36-3-617(a)(2), concerning whether to award attorney's fees. We conclude that the trial court did not err by declining to determine that "[t]he petitioner knew that the allegation of domestic abuse, stalking, or sexual assault was false at the time the petition was filed." *See id*. Likewise, the trial court did not err by declining to award discretionary attorney's fees to Mr. Manor pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(A)-(B). *See Furlong v. Furlong*, 370 S.W.3d 329, 341 (Tenn. Ct. App. 2011) (determining that inasmuch as the record lacked clear and convincing evidence that the petitioner knew her "allegation of . . . domestic abuse . . . was false," pursuant to Tennessee Code Annotated § 36-3-617(a)(2)(B), the petitioner could not be taxed costs).

## VI. "*De Facto*" Extension of the Order of Protection

Mr. Manor additionally contends in his appellate brief that the trial court's December 4, 2018 order continuing the matter for a later evidentiary hearing constituted a "*de facto*" extension of the order of protection. However, Mr. Manor does not specifically reference any authority in support of his argument apart from Tennessee Code Annotated § 36-3-617(a)(1), which we have addressed in a previous section of this opinion. It is well settled that "parties cannot expect this court to do its work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). As with Mr. Manor's argument that the trial court's February 12, 2019 order was invalid, we likewise determine that Mr. Manor's argument of a "*de facto*" extension has been waived. *See Bean*, 40 S.W.3d at 55-56 ("Courts have routinely held that the failure to make

- 14 -

appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

## VII.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects.  This case is remanded to the trial court for enforcement of the judgment and collection of costs assessed below.  Costs on appeal are assessed to the appellant, David Manor.


s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE